The opinion of the Court was delivered by
Tilghman C. J.
This is an action of debt, on a bond given by Jacob Carpenter, (the defendant below,) to Christian Myer deceased, and his daughter Barbara Groff, (late Barbara Myer.) A former action was brought on the same bond in the name of Christian Myer and Barbara Myer. Christian Myer died, and his death having been suggested on the record, the suit was continued in the name of Barbara Myer until she married Christopher Groff, in consequence of which it abated. The present action was then brought in the name of Groff and wife ; Groff died, and his death being suggested, his wife, who survived him, prosecuted the suit, which was tried on the plea of payment, with leave to give the special matter in evidence. On the trial, the defendant proved, that the bond was given in consideration of the plaintiff having charged him on oath with being the father of a bastard child begotten on her body. She swore also, that no other person but the defendant had carnal knowledge of her. After giving this evidence, the defendant offered to prove, that one Ludwick Holtzxvorth had carnal knowledge of the plaintiff, but this evidence was objected to by the plaintiff’s counsel, and rejected by the Court. We constantly admit *165 evidence that á bond was fraudulently obtained, or that the consideration has failed. A strong inducement to give the bond in question, was the plaintiff’s oath that no other person but the defendant had access to her. For although the defendant might have had great doubt of his being the father of the child, yet if no other person but himself had access to the mother, he must have been the father, and she having sworn so, the best thing he could do was to compromise the matter. The evidence offered by the defendant was to shew, that he had entered into the compromise under a gross deception, produced by a false oath of the plaintiff. It falls directly within that class of cases, in which relief has been given against bonds entered into on false allegations of the obligee. It is true, that the defendant has derived considerable advantages from this compromise. He has avoided an action by the father for debauching his daughter, per quod., £s?c., in which the plaintiff might have been a witness, and he has hitherto avoided an indictment for fornication and bastardy, though that may hereafter be preferred against him. Whether, under these circumstances, the jury would have relieved him from his bond, is doubtful. But he had a right to bring his case fully before them ; he had a right to shew, that as to one material circumstance the defendant deceived him.' The evidence ought, therefore, to have been admitted.
The defendant afterwards offered to give in evidence, the deposition of John Abrahams, taken in the former suit on this bond, having first proved, that the said Abrahams had gone, several years before, to the state of Ohio. This evidence was also rejected by the Court.
It was decided by this Court at Sunbury, last June Term, in the case of Magill v. Kauffman,(a) that a deposition taken in former suit between the same parties, may be given in evidence, where the witness is living, and out of the state. This deposition therefore was evidence, unless there be othqr objections than the life of the witness. It was said by the plaintiff’s counsel, that the matter of the evidence was irrelevant ; but that is not the case, for it goes to prove the consideration of the bond. The principal objection is, that the deposition was taken on six days notice, and the plaintiff’s counsel contend, that no rule for taking a deposition on less *166 than ten days notice, can be entered without the order of the Court. This is denied by the counsel for the defendant, who assert the practice to be, to enter a rule at the discretion the party who takes it, subject to the opinion of the Court, in case it is objected to. It does not appear certainly, that this rule was entered, without the order of the Court. On the contrary, being entered in Term-time, the presumption rather is, that it was done by order of the Court. It is desirable, that the several Courts of Common Pleas should regulate this matter by rule. There appears to be no rule on the subject; and from the inquiry we have made, the practice is not uniform. In many cases we have found rules entered in vacation, for taking depositions on less than ten days notice. In the present instance, the parties lived near each other, and six days afforded reasonable time for preparation. IF the plaintiff thought the time too short, he might have applied to the Court, at the next Term, to suppress the deposition. If it had been suppressed, the defendant might have procured the evidence on a commission sent to the state of Ohig. But, no objection having been made, and many years having elapsed, it might be very injurious to the defendant, if the deposition were now rejected.. Inasmuch then, as no rule of Court or settled practice has been shewn to us, and it is by no means certain, that the rule for taking this deposition was not entered by the order of the Court, it is our opinion, that the evidence ought to have been admitted. The judgment must therefore be reversed, and a venire facias de novo awarded.
Judgment reversed, and a venire facias de novo awarded.

 Since reported, Serg. & Rawle, 320.